Filed 8/4/26  P. v. Neal CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ALBERT NEAL,<br><br>        Defendant and Appellant. | A174292<br><br>(San Mateo County<br>Super. Ct. No. 24-NF-014408-A) |

Defendant Joseph Albert Neal appeals from a judgment entered after pleading no contest to felony lewd act upon a child and admitting a prior strike conviction.  Prior to sentencing, Neal filed a *Romero*[1] motion to dismiss his admitted prior strike, which the court denied.  The court then sentenced Neal to a low term of three years in state prison doubled for a total of six years.

Neal's counsel asks this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine if there are any arguable issues that require briefing.[2]  Counsel advised Neal

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[2] Neal did not obtain a certificate of probable cause and does not challenge the validity of his plea; thus, our review is similarly limited.  (Cal. Rules of Court, rule 8.304(b)(3); further rules citations are to the California Rules of Court.)

of his right to file a supplemental brief, but Neal has not done so.  After an independent review of the record, we find no meritorious issues.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The San Mateo County District Attorney charged Neal by information with three felony violations of lewd act with a minor (Pen. Code, § 288, subd. (a); all further undesignated statutory references are to the Penal Code) and one misdemeanor violation of child molestation (§ 647.6, subd. (a)(1)).  The information also alleged Neal had two or more prior strikes and a prior serious felony (§§ 667, subd. (a)(1), 1170.12, subd. (c)(2)).

The charges arose from allegations by Neal's roommate, Ms. H., that Neal had shown her 13-year-old daughter (victim) pornography.  The victim also reported Neal had groped her breast, touched her on other occasions, made sexual comments, and asked her to perform oral sex.  Neal acknowledged showing the victim pornography but alleged it was "just to educate the victim on sexual intercourse."

Pursuant to a negotiated disposition, Neal pled no contest to a single felony violation of section 288, subdivision (a), lewd act with a minor (count 1), and admitted a prior strike conviction under section 1170.12, subdivision (c)(2).  He acknowledged the associated maximum penalty of 12 years' imprisonment with the Department of Corrections and Rehabilitation (CDCR), $10,000 in fines, $10,000 in restitution fines, unspecified actual restitution, and DNA testing.  The represented disposition provided that Neal would be sentenced to three years in state prison, potentially doubled due to his strike prior for a "top" of six years.  Neal reserved his right to make a *Romero* motion and seek probation.

2

Prior to sentencing, the People filed a sentencing memorandum summarizing Neal's criminal history, which included multiple misdemeanors and felonies. His prior strikes arose from an instance where Neal forced his way into a woman's vehicle, forced her to drive to a bank and withdraw money, and threatened her life, which resulted in the woman jumping from the moving vehicle because she feared he would kill her. Neal was sentenced to life with the possibility of parole. The People identified numerous factors in aggravation, and only one—the length of time since the strike enhancement—in mitigation. The People also recognized the court's discretion to strike Neal's strike prior (see, e.g., § 1385, subd. (a); *People v. Orin* (1975) 13 Cal.3d 937, 945–947; *People v. Williams* (1998) 17 Cal.4th 148, 161), but argued against doing so, asserting that Neal "has not led a law-abiding lifestyle since [the strike's] commission." The People noted Neal's most recent conviction involved aiding in prostitution, the nature of his prior strike was "a violent and serious felony," and "[t]he current offense is both violent and serious in nature."

The probation department's presentencing report recommended a CDCR sentence and sex offender registration based on Neal's lack of accountability, the seriousness of the offense, and his continued reoffending despite having suffered a substantial past sentence. The report stated that Neal admitted showing the victim pornography but denied touching her or making inappropriate sexual comments. However, he had previously acknowledged making sexual comments to the victim and "accidentally" touching her breast on occasion. Neal acknowledged showing her pornography was wrong, but stated it was a "lack of judgment" and he "was trying to help and be a father figure" for the victim. The probation report

3

noted Neal's remorse was primarily tied to the repercussions he has experienced rather than from the wrongdoing itself.

Pursuant to rule 4.421, the probation department noted five circumstances in aggravation: (1) the crime involved the threat of great bodily harm and callousness; (2) the victim was particularly vulnerable due to being a child; (3) Neal took advantage of a position of trust or confidence; (4) Neal's prior convictions are numerous and serious; and (5) Neal has served a prior term in prison. The only identified factors in mitigation were the age of the prior convictions and no noted violations during Neal's prior probation and parole terms.

Neal filed a two-page *Romero* motion to dismiss his prior strike conviction, articulating three bases for consideration: (1) the "nature and circumstances of [Neal's] present felony"; (2) the nature of the prior strike; and (3) the "particulars" of Neal's background and character. Specifically, defense counsel argued the prior strike convictions all occurred in the same case 35 years ago, and Neal "expressed remorse" and "understands that his conduct [with the victim] was unacceptable." Counsel therefore requested the court grant the motion.

At the subsequent sentencing hearing, defense counsel emphasized that Neal took responsibility, has "no history" of any related conduct, and has medical issues. Counsel requested the court strike the strike and consider probation.

The court denied Neal's *Romero* motion. It explained that despite the passage of 35 years, the prior strike involved robbery and kidnapping to commit robbery, a "very, very serious offense" for which he received a 25-year sentence. Based on that conduct, combined with the admitted charge of a felony lewd act upon a child, the court concluded Neal fell within the scheme

4

of the "three strikes case" and sentenced him to six years. The court further imposed a no-contact order, assessed various restitutions and fines, and required Neal to register as a sex offender.

## DISCUSSION

Neal's counsel filed a *Wende* brief, which set forth the material facts but did not raise any issues for our consideration. Counsel requested that we independently review the record to decide whether there exists any nonfrivolous issue for appeal. (*Wende*, *supra*, 25 Cal.3d 436.) The brief also included a declaration that counsel had written to Neal and informed him of his right to file a supplemental brief. Neal did not exercise this right.

We have examined the entire record and are satisfied that Neal's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d 436.)

Because Neal did not obtain a certificate of probable cause, only post-plea actions are subject to review, i.e., Neal's *Romero* motion and sentencing. The record demonstrates the trial court did not abuse its discretion in denying Neal's *Romero* motion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371 (*Carmony*).) The "Three Strikes" law restricts courts' discretion in sentencing repeat offenders. (*Romero*, *supra*, 13 Cal.4th at p. 528.) To this end, it generally requires that prior strike convictions be applied in sentencing unless the sentencing court concludes that "extraordinary" circumstances justify deeming a defendant outside the spirit of the Three Strikes law. (*Carmony*, at pp. 377–378.) In considering these circumstances, " ' " '[a]n appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id.* at p. 377.) Because there is a strong presumption that a sentence conforming to the Three Strikes law is "both rational and proper," a trial court will

5

generally only be found to have abused its discretion in "limited circumstances" such as where the court was unaware of its discretion to dismiss a strike or considered impermissible factors in declining to dismiss. (*Carmony*, at p. 378.)

Here, no extraordinary circumstances exist. The court expressly considered the mitigating circumstances identified by the defense, including the age of Neal's prior strike conviction and his acceptance of responsibility through his plea. The court nevertheless concluded that those considerations were outweighed by other permissible factors, including the seriousness of the prior strike, the current offense involving a child victim, and Neal's position of trust as a family friend and cohabitant in the victim's home.

The sentence likewise presents no arguable issue. The court imposed the low term contemplated by the negotiated disposition, doubled pursuant to Neal's admitted strike prior, resulting in an aggregate six-year prison term. The court also imposed the required sex offender registration, restitution orders, fines, fees, and assessments authorized by law.

Our independent review of the entire record—including the plea proceedings, the factual basis for the plea, the waiver of constitutional rights, the sentencing hearing, and the resulting judgment—reveals no reasonably arguable appellate issues. Accordingly, we affirm.

## DISPOSITION

The judgment is affirmed.

PETROU, J.

WE CONCUR:

FUJISAKI, Acting P. J.

RODRÍGUEZ, J.

A174292 / *People v. Neal*